BERTHA KELMER, PETITIONER, v. UNIVERSAL CHAIN
COMPANY, INCORPORATED, RESPONDENT.

**Injury to Employe Through Having Her Hair Caught in a Machine—Claim That the Accident was Result of "Skylarking"—No Permanent and Only a Few Days' Temporary Injury—Case Dismissed.**

For the petitioner, *Heine, Bradner & Laird.*

For the respondent, *Richard W. Baker.*

\*    \*    \*    \*    \*    \*    \*    \*

The petitioner testified in her own behalf and on behalf of the respondent, Mr. John Netcher and Dr. John Steele were called to testify. It was stipulated by Attorney Laird before the hearing that he was making no claim for compensation because of neurasthenia.

When the petitioner testified she exhibited a spot on her head where the hair had been torn out, but the hair was growing in again and there were no signs of any scar on the head. The petitioner testified that she still suffered from headaches, and that some days, probably about once a week, her head began to hurt her so by noon of the working day that she had to lay off for the rest of the day. She, however, could not give the number of times that she had missed a half a day this way and was not very explicit about her complaints, and admitted that she went back to work within three days of the accident, and, except for the occasional half days, has been working steadily ever since.

Mr. Netcher testified for the respondent that the petitioner had been skylarking with a friend by the name of Cora Hope, and that while doing so she had knocked over some weights, and that then she leaned over to pick these up and

just a few seconds later he heard her cry and found that she had caught her hair in the running machine.

Dr. Steele testified that he had treated the petitioner and that she did not have any scar on her head, as the accident had merely broken off the hair short at the scalp instead of pulling away any of the scalp inself, and that in his opinion she had not suffered any permanent injury whatsoever, and that she had returned to work within three days of the accident.

Accordingly, from all the testimony in this case, I find that the petitioner has failed to prove that she sustained an injury by accident arising out of her employment, and I further find that the petitioner suffered no permanent disability, suffered no disfiguring scar, and failed to show that she had lost more than ten days because of the injury to the scalp, and, therefore, that this petition should be dismissed.

Accordingly, I hereby order that this case be dismissed without cost to either party.

HARRY J. GOAS,
*Deputy Commissioner.*